IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY CASTILLO,

        Plaintiff,

vs.                            CIVIL NO. 01-626 LFG/WWD

CITY OF ALBUQUERQUE et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING JOINT MOTION TO CONSOLIDATE CASES FOR TRIAL

THIS MATTER is before the Court on the Joint Motion to Consolidate Cases for Trial [Doc. 43] in four separate cases: Chavez v. City of Albuquerque, CIV 00-307 WJ/KBM; Patterson-Montgomery v. City of Albuquerque, CIV 01-444 WJ/DJS; Marquez v. City of Albuquerque, 01-445 WWD/LFG; and Castillo v. City of Albuquerque, CIV 01-626 LFG/WWD.[1] The motion is opposed.

Pursuant to Fed. R. Civ. P. 42(a), Plaintiff, Jimmy Castillo ("Castillo") seeks consolidation of cases, asserting that all cases involve similar claims against the City and against Defendant Officer Andrew Lehocky; and that all claims against Officer Lehocky involve allegations of inappropriate use of force as a result of the use of a police service dog. Castillo further argues that it will be burdensome to try separate cases and that the consolidation of cases for trial will promote judicial economy.

The Castillo case, as well as the other lawsuits subject to this motion, all deal with Fourth Amendment claims relating to the alleged use of excessive force in violation of the Constitution.

---

[1] The same motion was proposed but denied in Chavez v. City of Albuquerque, CIV 00-307 WJ/KBM.

Each of the four cases asserts this same type of excessive force claim against the City and one officer in relation to the use of a police service dog. These factors alone doe not support consolidation. To the contrary, the determination of whether the force exerted by police was so excessive that it violated the Fourth Amendment is a fact-specific inquiry. Indeed, both the United States Supreme Court and our own Tenth Circuit require that the use-of-force determination must be judged from the perspective of a reasonable officer "on the scene" who is "often forced to make split-second judgments . . . about the amount of force that is necessary in a particular situation." Graham v. Connor, 490 U.S. 386, 396-97, 109 S. Ct. 1865 (1989); *see also* Allen v. Muskogee, Okl., 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied* 522 U.S. 1148, 118 S. Ct. 1165 (1998).

Given this fact-specific inquiry, consolidation of these cases as proposed is of little value. The fact finder would have to make separate determinations as to each set of circumstances involving each plaintiff and each defendant. Moreover, since the excessive force inquiry includes not only the officer's action at the very moment any threat was perceived, but also the actions in the moments leading up to the suspect's threat of force, each of these situations in the proposed consolidated cases is likely to be very different. Consolidation would likely require that one jury hear and determine multiple "trials within a trial."

While the Court places great faith in citizen juries to sift through conflicting evidence and make rational and reasonable determinations based on the facts, a consolidation of the four cases complicates rather than facilitates the expeditious, efficient and economical trials of these cases.

In addition to the foregoing, consolidation can unfairly prejudice the rights of a party to a fair trial. For example, a discussion of Fed. R. Evid. 404(a) is helpful to express the Court's concerns about consolidation. That Rule provides:

> Evidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except . . . (b) other crimes, wrongs or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

The primary purpose of Rule 404 is to protect a defendant from unnecessary or unfair prejudice. It is to prevent the defendant from being convicted because he may be considered bad or evil. Stated differently, the purpose of the Rule is to prevent the use of evidence of prior crimes or bad acts to show the propensity of the person to commit the crimes or to prove particular conduct. J. Wentworth, Treatises on New Mexico Rules of Evidence, § 404-2 (1983).

The danger relating to the introduction of other bad-acts evidence is apparent. A fact finder may inappropriately conclude that a person is culpable in this case, not because he committed the act in question at the time, but, rather, because he is a bad or evil person, or because at some other time, he committed some other bad act. Clearly, the Supreme Court and the Tenth Circuit's focus on objective reasonableness requires the fact finder to look at the conduct in question on a particular case and, based on that, determine whether there is a violation of a plaintiff's constitutional rights.

Given the Court's concerns that the determinations to be made in this case are very fact specific, and because the introduction of evidence relating to other alleged bad acts may unfairly deprive a person of a fair trial, the Court concludes that the motion for consolidation is not well-taken and is denied.[2]

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[2] This ruling affects only Castillo v. City of Albuquerque, CIV 01-626 LFG/WWD.